PER CURIAM:
The claimant, Rosa Runyon, seeks an award of $790.28 from the respondent, Division of Highways, for damage to her vehicle, a 1992 Oldsmobile Cutlass Supreme. The damage occurred on May 21, 1995, at 12:30 p.m., while the claimant was driving west on Route 60 in Kanawha County. According to the claimant, she was traveling approximately fifty miles per hour when she observed a rock on the roadway. The claimant attempted to drive over the rock because oncoming traffic prevented her from driving around it. However, the claimant’s vehicle struck the rock and was severely damaged. The claimant’s automobile insurance paid $2,556.65'for the damage to her vehicle, but the claimant incurred out-of-pocket expenses of $500.00 for her insurance deductible, $254.24 for renting a replacement vehicle, and $36.04 for a replacement tire. The claimant also testified that she traveled Route 60 on a regular basis and she has observed rocks along the roadway *99 on prior occasions.
James Dingess, the respondent’s maintenance supervisor for the eastern half of Kanawha County testified that his responsibilities include routine road maintenance where the accident occurred. Mr. Dingess described Route 60 as a two lane with a pavement surface approximately twenty feet wide. Mr. Dingess also testified that there were falling rock signs in the vicinity of the accident, and he was unaware of any rock falls on May 21, 1995.
In West Virginia, the mountainous topography creates a variety of road maintenance problems for the respondent. With this in mind, it is inevitable that numerous roads throughout the State will experience rock slides. Although the respondent’s attempts to reduce the risk of damage resulting from rock slides varies from road to road, the respondent cannot be expected to completely eliminate the possibility of a rock slide damaging a motorist’s vehicle. The respondent’s duty to motorists is to maintain highways in a reasonably safe condition by using reasonable care and diligence. Unless the respondent has reason to anticipate a particular rock slide and has a reasonable opportunity to prevent it, the respondent cannot be held liable when a rock falls onto a highway. Collins v. Dept. of Highways, 13 Ct. Cl. 22 (1979).
In the instant claim, the record reveals that the area where the accident occurred was a rock fall area. The respondent posted “falling rock” signs in the area to warn motorists of the potential for rocks in the roadway. In addition, the claimant’s testimony indicated that she was aware of falling rocks in the vicinity of the accident. For these reasons, the Court finds that the claimant has not established any negligence on the part of the respondent. Accordingly, this claim must be denied.
Claim disallowed.